UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL F. ALEXANDER,** ) | CASE NO.  **1:13 cv 347** |
| ) | **1:04 cr 529** |
| Petitioner, ) | |
| ) | |
| vs. ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed by *Pro Se* Petitioner Michael Alexander ("§ 2255 Motion").  **(ECF No. 42.)**.  The Court has reviewed the § 2255 Motion and the Government's brief in response to that Motion.  (Doc #: 43.)  For the reasons to follow, the § 2255 Motion is **DENIED**.

I.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.*  To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States,* 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994)).

Furthermore, federal habeas petitions are subject to a one-year period of limitation:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## II.

On October 27, 2004, Alexander was charged in a two-count indictment with one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a) & (b)(1)(B)(Count 1), and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) (Count 2). (ECF No. 7) . On August 3, 2005, absent a written plea agreement, Alexander pled guilty to both counts of the indictment. On October 12, 2005, he was sentenced to 262 months custody of the U.S. Bureau of Prisons. The Sixth Circuit issued an order affirming the judgment on August 31, 2006. The mandate issued on September 5, 2006. Alexander had 90 days from that date to file a petition for writ of certiorari ("cert petition") in the U.S. Supreme Court, which he failed to do. On February 15, 2013, Alexander filed the pending § 2255 Motion, asserting that he was improperly declared a career offender.

The Sixth Circuit has held, in cases such as this, that the one-year statute of limitations does not begin to run until the deadline for filing a cert petition for direct review in the U.S. Supreme Court expires – rendering convictions final.  *Williams v. Howes,* No. 2:08 CV 10772, 2013 WL 592419, at *2 (E.D. Mich. Feb. 14, 2013) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)).  Here, the deadline for Alexander to file a cert petition was December 5, 2006 – the date on which his convictions became final.  Thus, the deadline for filing a § 2255 Motion challenging his convictions or sentence expired on December 5, 2007.  28 U.S.C. § 2255 (f)(1).  Alexander did not file his § 2255 Motion until more than five years later.  Furthermore, he does not assert that there was governmental action impeding the timely filing of this Motion; and he has not asserted any relevant newly recognized right by the Supreme Court that has been made retroactively applicable to cases on collateral review. § 2255(f)(2)-(3).

Finally, Alexander claims that, because of Judge Dowd's May 11, 2012 ruling in Case No. 1:12 CV 367, he was not convicted of conspiracy; thus, his career offender designation was improper.  The fact remains, however, that whether he was convicted of conspiracy to possess with intent to distribute or with attempted distribution does not matter since either one qualifies as a felony drug offense rendering his career offender status unaltered. 28 U.S.C. § 2255(f)(4).

Accordingly, the Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 is hereby **DENIED** and this matter is dismissed with prejudice.

      **IT IS SO ORDERED.**

      /s/ Dan A. Polster     February 25, 2013
      **Dan Aaron Polster**
      **United States District Judge**