IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO: 1:04-cr-00529 |
| v. | ) Judge Dan Aaron Polster |
| MICHAEL ALEXANDER, | ) **OPINION AND ORDER** |
| Defendant. | ) |

## **MEMORANDUM**

Before the Court is Defendant Michael Alexander's Motion for Relief from Order under Fed. R. Civ. P. 60(b) or, in the alternative, Motion to Vacate under 28 U.S.C. § 2255 ("Motion"), Doc #: 53. For the following reasons, Alexander's Motion is **DENIED**.

## **FACTUAL BACKGROUND**

On October 1, 2004, Alexander was charged in a two-count indictment with Distribution of Cocaine in violation of Title 21 U.S.C. § 841(a) & (b)(1)(B) and Possession with Intent to Distribute Cocaine in violation of Title 21 U.S.C. § 841(a) & (b)(1)(B). (ECF No. 7.) On August 3, 2005, Alexander pleaded guilty to both counts on the indictment. On October 12, 2005, he was sentenced to 262 months custody of the U.S. Bureau of Prisons. For Sentencing Guidelines purposes, the Court determined that Alexander was a career offender based on two prior felony convictions: Conspiracy to Distribute a Controlled Substance in Case Number 1:96 CR 299 and Possession with the intent to Distribute Cocaine in Case Number 1:90 CR 00007-001.

1

On February 15, 2013, Alexander filed a Motion to Vacate under 28 U.S.C. § 2255, arguing that he had only one qualifying felony, not two as required for career offender status. (ECF No. 42.) Alexander argued that Judge Dowd ruled in Case No 1:12 CV 367 that Alexander's conviction in 1:96 CR 299 was not for conspiracy. Thus, Alexander argued in his February 15, 2013 Motion to Vacate that he had only one qualifying prior felony and therefore should not have been given career offender status. (ECF No. 42).

This Court denied Alexander's Motion to Vacate. (ECF No. 44.) The Court found that Alexander was convicted of either Conspiracy to Distribute or Attempted Possession in Case Number 1:96 CR 299. Whether Alexander was convicted of Conspiracy to Distribute or with Attempted Possession does not matter since either one qualifies as a felony drug offense rendering his career offender status unaltered. *Id.*

## ANALYSIS

Alexander now requests relief from the Court's order denying his February 15, 2013 Motion to Vacate under 28 U.S.C. § 2255, arguing that the Sixth Circuit's recent holding in *United States v. Harvis*, 927 F.3d 382 (6th Cir. 2019) renders his career offender status based on the crime of attempted possession improper.

I. **Rule 60(b)**

A party may request relief from an order under six circumstances. USCS Fed Rules Civ Proc R 60. The only applicable circumstance here is Rule 60(b)(6)'s catchall of "any other reasons that justifies relief." Rule 60(b)(6) is only applied in "exceptional or extraordinary circumstances" which are not addressed by the first five numbered clauses. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). A postjudgement change in law

can constitute an extraordinary circumstance warranting vacation of an order under Rule 60(b)(6). *Matarese v. Le Fevre*, 801 F.2d 98, 106 (2d Cir. 1986). The *Matarese* court found that consideration of Rule 60(b)(6) motions are especially proper in habeas corpus proceedings because in habeas corpus proceedings the "conventional notions of finality of litigation have no place." *Id.* quoting *Sanders v. United States*, 373 U.S. 1, 8 (1963).

The question here, then, is whether the holding in *United States v. Harvis* is a change in law that warrants vacation of the Court's order denying Alexander's February 15, 2013 Motion to Vacate. The Court holds that it is not because *United States v. Harvis*'s holding does not change the result of Alexander's February 15, 2013 Motion to Vacate.

## II. Alexander's February 15, 2013 Motion to Vacate

A Motion to Vacate filed under 28 U.S.C. § 2255 is limited to addressing the errors when: (1) "a sentence was imposed in violation of the Constitution or the laws of the United States[;]" (2) "the court was without jurisdiction to impose such a sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence is otherwise subject to collateral attack[.]" *Snider v. United* States, 908 F.3d 183, 189 (6th Cir. 2018) (internal quotations omitted). A collateral attack is only cognizable when there is a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 191.

Here, Alexander did not assert in his February 15, 2013 Motion to Vacate that his sentence was in violation of the Constitution or the laws of the United States, that the Court was without jurisdiction to impose his sentence, or that the sentence was in excess of the maximum authorized by law. Thus, for his Motion to Vacate to have been successful, there would have to be a fundamental defect which inherently results in a complete miscarriage of justice.

### III. Career Offender Status

Alexander being sentenced as a career offender was not a complete miscarriage of justice. The Sentencing Guidelines guide the district court to the proper sentence, but the district court is free to vary from the Guidelines. *Bullard v. United* States, 2019 U.S. App. LEXIS 26643, *8 (6th Cir). The Guidelines provide that:

> A Defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Commission, *Guidelines Manual*, § 4B1.2(b) (Nov. 2018). Defendants who are career offenders are subject to a higher offense level, which corresponds to a longer recommended sentence range. *See* USSC § 4B1.1(b).

Alexander argues that his sentence based on being a career offender is improper because of the Sixth Circuit's holding that "controlled substances offenses" as the term is used in § 4B1.2(b) does not include attempt crimes. *United States v. Harris*, 927 F.3d 382, 386-87 (6th Cir. 2019). Thus, as Alexander's career offender status was determined by counting his attempt to possess conviction as a "controlled substance offense," Alexander's sentence was improperly enhanced.

While Alexander's argument would bear teeth on a direct appeal, the Sixth Circuit has held that a non-constitutional challenge to an advisory guideline range is not a complete miscarriage of justice and is therefore not cognizable under § 2255. *Bullard v. United States*, 2019 U.S. App. LEXIS 26643, *2 (6th Cir.). In *Bullard*, defendant challenged the determination that he was a career offender based on a prior conviction for attempting to sell drugs though a § 2255 habeas petition. The defendant relied on the decision in *United States v. Harvis* that

attempt controlled substance crimes cannot be used to make the determination that someone is a career offender. *Id.* at *1. The Court rejected defendant's argument, finding that because judges can deviate from the guideline's recommended sentence range, the improper enhancement of the guideline range based on career offender status is not a manifest miscarriage of justice. *Id.* at *8 – 10. As it is not a manifest miscarriage of justice, it is not cognizable on a § 2255 habeas petition. *Id.* at *13.

## Conclusion

Alexander improperly being consider a career offender for Guidelines purposes is not a manifest miscarriage of justice and so is not cognizable on a § 2255 habeas petition. Accordingly, there is no change in law that constitute an extraordinary circumstance warranting vacation of the Court's order denying Alexander's February 15, 2013 Motion to Vacate under § 2255. Thus, Alexander's Motion for Relief from Order under Rule 60(b) is **DENIED**. Furthermore, Alexander's alternative request for relief under § 2255 is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster Sept. 18, 2019*
**Dan Aaron Polster**
**United States District Judge**