# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | ) CASE NO: 1:04-cr-00529<br>) |
| v. | ) Judge Dan Aaron Polster<br>) |
| MICHAEL ALEXANDER, | ) **OPINION AND ORDER**<br>) |
| Defendant. | )<br>) |

## MEMORANDUM

Before the Court is Defendant Michael Alexander's Motion for Reconsideration. For the following reasons, Alexander's Motion is **DENIED**.

## FACTUAL BACKGROUND

On September 16, 2019, Alexander filed a Motion for Relief from Judgement under Rule 60(b) or, in the alternative, Motion to Vacate under 28 U.S.C. § 2255. In his Motion, he argued that he was actually innocent of his career offender enhancement as a result of the holding in *United States v. Harvis* that career offender status cannot be based on an attempt offense. Doc #: 53.

On September 18, 2019, the Court denied Alexander's Motion for Relief from Judgement under Rule 60(b) because, as *Harvis*'s holding does not modify the result of the order, there is no post-judgement change in law that constitutes an extraordinary circumstance warranting vacation of an order. Doc #: 54 at 5. In reaching this conclusion, the Court concluded that even if Alexander's career offender status was in error, the error is not cognizable on a § 2255 habeas

1

petition, the order from which Alexander was requesting relief. *Id.* As the Court already concluded that the error is not cognizable on a § 2255 habeas petition, the Court denied Alexander's alternative Motion to Vacate Judgement under § 2255 as moot. *Id.*

**ANALYSIS**

Alexander now asserts the Court overlooked that as a result of the holding in *Harvis*, Alexander's sentence was in violation of the laws of the United States. Doc #: 55. Specifically, he argues that his sentence was imposed under Guidelines that have been ruled by the Sixth Circuit to have been enacted in violation of 28 U.S.C. § 994(h). If Alexander were correct that his sentence was in violation of the laws of the United States, his claim would be cognizable on a § 2255 habeas petition and, as such, there would be a post-judgement change in law that constitutes an extraordinary circumstance warranting relief from the Court's order denying Alexander's February 15, 2013 § 2255 habeas petition. Thus, Alexander's 60(b) motion would be granted.

However, Alexander is wrong. *United States v. Harvis* held that, despite the Application Note's assertion otherwise, attempt crimes do not qualify as controlled substance offences for purposes of determining career offender status under the Sentencing Guidelines. 927 F.3d 382, 387 (2019). The Sixth Circuit did not hold that the Guidelines were enacted in violation of 28 U.S.C. § 994(h). Rather the court held that the Application Note impermissibly added to the Guidelines. *Id.* at 386-87. As the Application Notes may only interpret the Guidelines, the Application Note was deemed invalid. *Id.*

The mere fact that the Court applied a Guideline Application Note which has since been invalidated does not affect the lawfulness of Alexander's sentence. *See Bullard v. United States*,

2019 U.S. App. LEXIS 26643, *7-9 (6th Cir). In *Bullard*, the defendant raised on a § 2255 habeas petition that the district court misclassified him as a career offender by classifying an attempt crime as a controlled substance offense. *Id.* at *2. The Sixth Circuit acknowledged that had defendant been sentenced after *United States v. Harvis*, he would not been given career offender status. *Id.* However, the court denied defendant's argument because "misapplication-of-the-guidelines-range" claims are not cognizable on a § 2255 habeas petition. *Id.* at *8. In so holding, the court explained that "although the [mistakenly given] career designation may have affected the ultimate sentence imposed, it does not affect the lawfulness of the sentence itself-then or now." *Id.* at *9 (quoting *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018)).

Here, Alexander was convicted of Distribution of Cocaine in violation of 21 U.S.C (a) and Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. (a)(1). The maximum sentence for Alexander's conviction is 80 years. 21 U.S.C. § 841(b)(1)(B). Alexander was sentenced to 262 months (nearly 22 years) custody of the U.S. Bureau of Prisons. Thus, Alexander's sentence is less than the maximum sentence for his conviction. Further, as the Sixth Circuit held in *Bullard*, Alexander receiving career offender status, even if given in error, does not cause his sentence to be in violation of the laws of the United States.

For the reasons stated above, Alexander's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster Sept. 30, 2019*
**Dan Aaron Polster**
**United States District Judge**